IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01863-BNB

DENNIS MAYO,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Dennis Mayo, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Mayo initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 22, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On October 27, 2008, Respondent filed a preliminary response. On November 3, 2008, Applicant filed a reply.

The Court must construe Mr. Mayo's application and reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the third of Mr. Mayo's three claims.

Mr. Mayo currently is serving a sixty-month sentence imposed by the United States District Court for the District of South Dakota (Western Division) for distribution of a controlled substance. His projected release date, via good-conduct-time release, is August 29, 2010.

He asserts three claims. As his first claim, he alleges that the sentencing court recommended that the BOP give him credit for time spent in state custody but that the BOP has violated his due process rights by failing to give him such credit. As his second claim, he alleges that the BOP violated his due process rights by refusing to give him credit for time spent in pretrial detention. As his third and final claim, he contends that his due process rights were violated because the United States Department of Justice has a conflict of interest in that it has functioned as "both prosecutor and executioner of Applicant's sentence." Application at 4.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); see also *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The BOP administrative remedy program available to federal prisoners such as Mr. Mayo, see 28 C.F.R. §§ 542.10 - 542.19, allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." See 28 C.F.R. § 542.10(a). To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by

filing an administrative remedy request with institution staff as well as regional and national appeals. See 28 C.F.R. § 542.14 - 542.15.

Respondent argues that Mr. Mayo has exhausted his first and second claims, but not his third claim. Respondent further argues that, because Mr. Mayo has failed to exhaust his third claim, the Court should dismiss the application for failure to exhaust or, alternatively, should dismiss claim three for failure to exhaust. In his reply, Mr. Mayo concedes that his third claim is unexhausted, and asks to withdraw his third claim and to proceed on his exhausted claims. Therefore, the third claim will be dismissed. The action and the remaining two claims will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the third claim of the instant habeas corpus application is dismissed voluntarily by Applicant, Dennis Mayo, for failure to exhaust. It is

FURTHER ORDERED that Applicant is allowed to proceed only on exhausted claims one and two. It is

FURTHER ORDERED that claims one and two and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 3 day of Dec. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01863-BNB

Dennis Mayo
Reg. No. 09621-073
FCI - Florence
PO Box 6000
Florence, CO 81226

Michael C. Johnson
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on **12/3/08**

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk