IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01863-REB-MEH

DENNIS MAYO

      Applicant,

v.

J. M. WILNER, Warden,

      Respondent.

## RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Petitioner Dennis Mayo's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241[filed August 29, 2008; docket #3]. By Order of the Court, Respondent answered on December 10, 2008. (Docket #18.) Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. LCivR 72.1C, the petition has been referred to this Court for recommendation. The petition is briefed and oral argument would not materially assist the Court in its adjudication. Based on the record contained herein, the Court **RECOMMENDS** that Petitioner's Application be **DENIED**.[1]

---

[1] The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §

**I.     Background**

Applicant currently serves a sixty-month federal term of imprisonment at the Federal Correctional Institution ("FCI") in Florence, Colorado. (Docket #18 at 1; docket #3 at 1.) Prior to federal indictment and sentencing, Applicant was serving a three year and ten month state sentence imposed by South Dakota which began on February 19, 2005. (Docket #18 at 5.)

According to the declaration submitted by Respondent, South Dakota state authorities arrested Applicant on August 7, 2004, and released him via bond on August 8, 2004. (Docket #18-2 at 2.) State authorities again arrested Applicant for a separate offense on February 6, 2005. (*Id.*) After sentencing by the state court on February 18, 2005, Applicant began serving the three year and ten month state sentence on February 19, 2005. (*Id.*) While serving his state sentence, federal authorities indicted Applicant for the present federal offense on May 19, 2005, and later transferred him to federal custody on November 16, 2005. (*Id.* at 3.) The federal sentencing court sentenced Applicant to a sixty-month federal term of imprisonment on April 24, 2006, and returned Applicant to state custody on May 2, 2006. (Docket #18-3 at 6; docket #18-2 at 3.) The federal sentencing court ordered the federal sentence "to run concurrently with South Dakota state sentence." (Docket #18-3 at 6.) In addition, the federal sentencing court recommended that Applicant "receive credit for time served in state custody." (*Id.*)

Applicant satisfied his state sentence on September 8, 2006, pursuant to Parole/ Suspended Sentence Release and returned to federal custody to serve the remaining federal sentence. (Docket #18-2 at 3-4; docket #18-3 at 42.) Based on the Bureau of Prisons computation, Applicant is

---

636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

currently scheduled to release, via Good Conduct Time Release, on August 28, 2010.[2] (Docket #18-3 at 57.)

Applicant presents two claims in his Section 2241 petition.[3] Both claims allege due process violations concerning the computation of Applicant's federal sentence and the sentencing judge's recommendation that Applicant receive credit for time served in state custody. Applicant first asserts a violation of his Fifth Amendment due process rights, occurring when "the Bureau of Prisons denied the request from the District Court for jail credit . . . ." (Docket #3 at 3.) Second, Applicant contends his due process rights were violated by the Bureau of Prisons allegedly "refus[ing] to give [Applicant] credit for time spent in pretrial detention." (*Id.*) This claim relates to the period of November 2005 to April 24, 2006, when Applicant was transferred to federal custody prior to receiving his federal sentence. (*Id.*) Applicant argues that he is entitled to pre-trial detention credit for this period because his "state and federal sentences were 'ordered' to be ran concurrent by his federal judge." (*Id.*)

Respondent states that Applicant first challenged the federal sentence computation by raising his claims at the appropriate Bureau of Prisons review levels. (*See* docket #12 at 2.) Applicant filed three administrative remedy filings, each of which were denied or closed. (*See* docket #18-2 at 5.) According to the Bureau of Prisons' records and the conclusion by the District Court in this matter, Applicant exhausted his administrative remedies for both claims one and two in the Application presently before the Court. (Docket #12-2 at 3; *see also* docket #14.)

Respondent contends the Bureau of Prisons correctly computed Applicant's sentence,

---

[2] The Court confirmed this date on April 9, 2009, through the BOP Inmate Locator website *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

[3] Applicant also presented a third claim, which was dismissed by the Court for failure to exhaust administrative remedies. (Docket #14.)

3

because the sentencing court's order "normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the previously imposed sentence." (Docket #18 at 9 (emphasis added).)  Respondent asserts that only time subsequent to Applicant's federal sentencing date and any previous time not credited towards another sentence can be credited towards his federal sentence.  (*Id.* at 12 (citing 18 U.S.C. § 3585(b)).)  Thus, because the time spent in custody prior to his federal sentencing on April 24, 2006, was credited towards his state sentence, Respondent believes Applicant is not entitled to any credit against his federal sentence for the period of May 19, 2005 to April 24, 2006. (*Id.* at 13.)  Moreover, according to the computation prepared by the Bureau of Prisons, Applicant actually received prior custody credit for time served from August 7, 2004 to August 8, 2004, and for February 6, 2005, which are dates Applicant was detained by South Dakota but not credited to the completion of his state sentence.  (Docket #18-2 at 5.)

## II.     Discussion

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The court should not be the *pro se* litigant's advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241

4

generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis,* No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008) (citing *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) (emphasis added)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, in challenging the computation of his federal sentence, Applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where Applicant is incarcerated.

### A.     *Applicant's First Claim: Due Process and Section 3585(b) of 18 U.S.C.*

Applicant presents two fallacious conclusions in Claim One of his petition. First, Applicant misstates the sentencing court's recommendation by contending the sentencing court recommended he be given credit for "the time spent in state custody once [he] was indicted on May 19th, 2005 for federal charges and sentenced on April 24, 2006 to the federal charges." (Docket #3 at 3.) To clarify, the federal sentencing order recommended "[t]he defendant receive credit for time served in state custody." (Docket #18-3.) The Tenth Circuit interprets the term "recommend" to be permissive in nature, implicating the exercise of discretion. *See, e.g.*, *United States v. O'Bryan*, 272 F. App'x 691, 696 (10th Cir. 2008). The Court emphasizes that, by statute, it is ultimately within the Bureau of Prisons' discretion whether to award credit for state time served. *See United States v. Hernandez*, 278 F. App'x 826, 839 (10th Cir. 2008) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.")).

5

Second, Applicant demonstrates a misunderstanding of the plain language in Section 3585(b) of 18 U.S.C.  Applicant suggests that a "Due Process violation occurred when at sentencing the Department of Justice Attorney did not clarify to sentencing court jail-credit restrictions pursuant to 18 U.S.C. 3585(b)."  (Docket #3 at 3.)  Section 3585(b) provides as follows:

> (b) Credit for prior custody. - - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

On its face, Section 3585(b) precludes the application of time credited against another sentence to the calculation of a federal term of imprisonment, which is exactly what Applicant seeks.

A federal sentence commences on the date that the defendant is received in custody to begin his sentence.  18 U.S.C. § 3585(a).  "Logically, [a federal sentence] 'cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *DeMartino v. Thompson*, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); *see also Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) (stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.") (cited with approval in *DeMartino*).

The Court agrees with Respondent's assertion that only time subsequent to Applicant's federal sentencing date and any previous time not credited towards another sentence can be credited towards his federal sentence.  Consistent with the mandates of Section 3585(a) and (b),

the Court determines the term of imprisonment on Applicant's federal conviction began once he was actually sentenced in federal court on April 24, 2006.  Based on the sentencing judge's recommendation and the actual implementation of the sentence, Applicant's federal sentence has indeed been served concurrently with the *remainder* of his state sentence.  Thus, Applicant is not entitled to a credit against his federal sentence for time credited to his state sentence, including the period of May 19, 2005, to April 24, 2006.  As the Bureau of Prisons properly followed the recommendation of the sentencing court within its discretion, the Court finds no violation of due process as alleged in Applicant's Claim One.  Therefore, the Court recommends Applicant's Claim One be denied.

### B. *Applicant's Second Claim: Due Process and Pretrial Detention Credit*

In his Claim Two, Applicant argues "he is entitled to pre-trial detention because his state and federal charges were 'ordered' to be ran concurrent by his federal judge." (Docket #3 at 3.)  As stated, Section 3585(b) of 18 U.S.C. expressly precludes the application of prior time in custody already credited against another sentence.  "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337.  *See also Azure v. Gallegos*, 97 F. App'x 240, 246 (10th Cir. 2004) (citing to Section 3585(b) for not crediting time served to a federal sentence as it had been credited against the state sentence in question).

According to the Bureau of Prisons' computation included in Respondent's briefing, Applicant in fact received credit toward his state sentence for the time he spent primarily in the custody of state authorities, from February 19, 2005, to April 23, 2006, which encompasses his time in federal custody prior to federal sentencing. (Docket #18-2 at 4.)  Because Applicant received this credit toward his state sentence, the credit cannot be applied to his federal sentence as a matter of law pursuant to Section 3585(b).  Additionally, the Bureau of Prisons properly

credited Applicant's federal sentence with prior custody credit from August 7, 2004 to August 8, 2004, and for February 6, 2005, which was time he served in state custody prior to state sentencing (and far prior to federal sentencing) yet not credited to his state sentence. (*Id.* at 5; *see also* docket #18-3 at 57.) As the Bureau of Prisons accurately computed Applicant's federal sentence, Applicant is not entitled to the additional pre-trial detention credit he seeks. Therefore, the Court finds no violation of due process as alleged in Applicant's Claim Two, and the Court recommends Applicant's Claim Two be denied.

### III. Conclusion

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Petitioner Dennis Mayo's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed August 29, 2008; docket #3] be **DENIED**.

Dated at Denver, Colorado, this 13th day of April, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge